IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR.,

                Plaintiff,

   v.

SUSAN NOVAK, BRIAN GUTSKE, LUCAS WEBER,        OPINION and ORDER
LEIGHA WEBER, M. BECKWITH, DR. STANGE,
DR. PERSIKE, MS. KLEINSCHMIDT, SGT. BENDER,        20-cv-328-jdp
DR. GAMBARO, SGT. SCHNEIDER, M. GLASS,
UNIT MANAGER BUSSIE, L. ODONOVAN,
M. LEISER, and C. BUCCANAN,

                Defendants.

---

Pro se plaintiff Brandon D. Bradley, Sr. is incarcerated at Columbia Correctional Institution (CCI). Bradley, who is also known as Brittney Bradley, *see Bradley v. Novak*, Case No. 20-cv-48 (W.D. Wis.), alleges that her constitutional rights have been violated in many ways during her incarceration at CCI.

Bradley is proceeding in forma pauperis, Dkt 3, and she is a prisoner suing government officials, so I must screen her complaint under 28 U.S.C. §§ 1915 and 1915A. As a preliminary matter, I must determine which of Bradley's pleadings to screen. Bradley has moved to file two proposed amended complaints and a proposed supplemental complaint. Dkt. 11; Dkt. 15; Dkt. 18. Her initial complaint has not yet been served on defendants, so she may amend it once as a matter of right. Fed. R. Civ. P. 15(a)(1)(B). Bradley filed her second proposed amended complaint after her proposed supplemental complaint, so I will deny her motions to file her first proposed amended complaint and her proposed supplemental complaint as moot. I will grant her motion to file her second proposed amended complaint and consider that pleading in this order. But that pleading does not comply with the Federal Rules of Civil

Procedure, so I will dismiss her claims and give her a short time to file an amended complaint. I will also address several other motions that Bradley has filed.

ALLEGATIONS OF FACT

I draw the following facts from Bradley's second amended complaint, Dkt. 19, and take them as true for the purpose of screening.

Bradley has been incarcerated at CCI since April 2019. Defendants Susan Novak, Brian Gutske, and Lucas Weber are responsible for overseeing Bradley's unit at CCI, called DS1. Bradley says that the conditions, restrictions, and services in this unit for which these defendants are responsible include:

- Inmates are not given any milk.
- Inmates may not purchase their own hygiene materials.
- CCI-supplied hygiene materials such as soap, lotion, deodorant, and shampoo "are useless and don't work." *Id.* at 8–9.
- All inmates are required to have their food trays, clean clothes, and hygiene products on the floor for no reason. (Bradley calls these "B.O.C. restrictions." *Id.* at 9.)
- Inmates cannot control the lights in their cells.
- Beds are bolted uncomfortably low to the floor.
- CCI-supplied toothbrushes have no handles and cut Bradley's gums.
- CCI-supplied sandals hurt Bradley's feet.
- Inmates may not use personal shower shoes.
- Desks are bolted to the middle of the cell floor, causing inmates to hit their legs on them.
- Inmates cannot clean their own cells.
- No mental health programs are available.

- Cells do not have emergency call buttons, which has prevented Bradley from obtaining help when she has hurt her legs, passed out, and had seizures.

- The showers and hallways are filthy.

- CCI staff open kosher food trays and slide all food trays to inmates across the cell floors.

- Novak, Gutske, and Weber have ordered CCI staff to walk away while inmates are harming themselves, including Bradley.

- The available drinking water is always hot.

- A wall obstructs the view on the unit's B tiers.

- Inmates don't "properly receiv[e] phone calls or indigent stamps." (Bradley does not explain what "indigent stamps" are, but I infer that they are free stamps given to indigent inmates.) *Id.* at 5.

- Inmates are restricted from using CCI's Inmate Complaint Review System (ICRS).

Bradley's complaint includes little or no details about most of the items in this list.

Bradley's complaint also accuses various defendants of violating her rights in various ways, again providing few specific factual allegations:

- Inmates are not allowed to read books from the Psychological Services Unit (PSU) library based on the orders of defendants Stange and Persike.

- Defendant security director Brian Gutske ordered a CCI lieutenant to "suit up" on Bradley after she refused to come off observation status. *Id.* at 6.

- Defendant Gambaro "knew that [Bradley] was unstable and put [Bradley] and staff in harm's way." *Id.*

- On ten occasions, Bradley received "seg loaves" from defendant Kleinschmidt that had aluminum in them. Bradley inadvertently ate the aluminum. She believes that Kleinschmidt intentionally placed aluminum in her food at the direction of defendant sergeant Bender.

- Gutske "is violating a statewide seg loaf ban" because of CCI's policy of restricting inmates to seg loaves if they "hold or misuse" their food trays. *Id.* at 7–8.

- Defendant M. Beckwith is a social worker who does not perform her duties of responding to request slips, notarizing documents, and setting up phone calls in a timely fashion.

- Bradley has repeatedly told defendant Leigha Weber about sexual assault, abuse, harassment, and retaliation at CCI, but Weber does not enforce the standards of the Prison Rape Elimination Act (PREA) at CCI.

- Persike, Gambaro, and Stange have "turn[ed] a blind eye to abuse" by CCI security staff, who these defendants allow to determine when inmates are placed on observation status. *Id.* at 7.

- Defendant inmate complaint examiners Glass, Leiser, and Odonovan "return properly formatted complaints and reject PREA complaints" at Novak's request. *Id.* at 8.

- Defendants Glass and Bussie "never responded to slips to prevent ICE complaints." *Id.* (Bradley does not explain what she means by this.)

- Defendant Health Services Unit (HSU) manager Cindy Buccanan is allowing Novak to prevent Bradley from receiving Magic Shave from the HSU under state policy regarding transgender inmates and is preventing Bradley from obtaining HSU forms she needs for litigation. The HSU has stopped offering Magic Shave and has prevented Bradley from obtaining combs.

- On defendant Schneider's orders, inmates receive "[n]o legal rec" or recreation time. *Id.* at 5. (Bradley does not explain what "legal rec" is, but I infer that she means access to CCI's law library.)

- Schneider has also ordered his officers not to give inmates bags or cleaning supplies and not to pass them anything through the top traps of their cell doors.

- Novak is preventing inmates from progressing through CCI's disciplinary system.

I will infer at screening that Bradley has been personally affected by each of the problems she describes.

## ANALYSIS

**A. Screening**

In screening Bradley's complaints, I must dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages

4

from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Because Bradley is proceeding pro se, I must hold her complaints to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I must view the allegations in her complaint in the light most favorable to Bradley and draw all reasonable inferences in her favor. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010).

But a pro se litigant's complaint must still provide "a short and plain statement of the claim showing that [she] is entitled to relief," and her allegations must still be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d). Her complaint must be clear enough to allow both me and the defendants "to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994) (quoting *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir. 1993)). These requirements ensure that defendants receive fair notice of Bradley's claims against them.

A pro se litigant must also comply with Federal Rule of Civil Procedure 20, which prohibits plaintiffs from bringing unrelated claims against different defendants in a single lawsuit. As I have explained to Bradley in other cases, she may name multiple defendants in a lawsuit only if she asserts claims against all of them that (1) arise out of the same transaction or occurrence; and (2) include a question of law or fact that will apply to all of the defendants. Once Bradley has properly joined a defendant under Rule 20, she may bring any other claims she has against that defendant, whether or not those claims comply with Rule 20's requirements. But she may not bring unrelated claims against defendants who have not been properly joined under Rule 20. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The only thing that Bradley's numerous claims have in common is that all of them occurred during her confinement at CCI. Her complaint describes at least ten distinct potential lawsuits:

- Her allegations against Novak, Gutske, and Lucas Weber regarding the conditions, restrictions, and services at CCI for which she says they are responsible. Under Federal Rule of Civil Procedure 18, this lawsuit could also include her allegation that Novak is preventing inmates from progressing through CCI's disciplinary system.

- Her allegation that Gutske ordered a lieutenant to "suit up" on Bradley.

- Her allegation that Persike, Gambaro, and Stange have allowed CCI staff to abuse inmates by allowing them to determine when to place inmates on observation status, and her allegation that Gambaro put Bradley in harm's way. Under Rule 18, this lawsuit could also her include her allegation that Stange and Persike are preventing her from reading books from the PSU library.

- Her allegation regarding Gutske's responsibility for CCI's general use of seg loaves.

- Her allegation that Kleinschmidt intentionally put aluminum in her seg loaves at Bender's direction.

- Her allegation that Beckwith does not perform her duties.

- Her allegation that Leigha Weber doesn't enforce PREA standards at CCI.[1]

- Her allegations that Buccanan is preventing her from obtaining Magic Shave and combs and is not giving her HSU forms that she needs for litigation.

- Her allegations regarding improper rejection of inmate complaints.

- Her allegation about Schneider's orders to CCI staff about property restrictions and how to pass objects to inmates, and her allegation that Schneider is preventing her from receiving recreation time and "legal rec."

Bradley provides virtually no detail regarding any of these sets of claims, which makes it impossible to tell whether any of these sets of claims could be joined together in the same

---

[1] This allegation appears to duplicate Bradley's allegations in another case. *See Bradley v. Weber*, Case No. 20-cv-48, Dkt. 63 (W.D. Wis. July 20, 2020).

lawsuit under Rules 18 and 20. But each set of claims appears to require a separate lawsuit because none of them appear to be based on the same set of transactions or occurrences and none of them appear to involve the same defendants.

Bradley must choose one set of claims on which to proceed under this case number. Because the allegations in her complaint are so sparse, I will direct Bradley to file a new complaint that describes only a single set of claims. This complaint must include enough detail to provide fair notice of her claims as required by Federal Rule of Civil Procedure 8. If she wishes to pursue the other sets of claims, she must raise them in separate lawsuits. If she does not do so, those claims will be dismissed without prejudice and she will be free to bring them at another time so long as she does so before the statute of limitations has run.

Because it is unclear at this time which of Bradley's potential lawsuits she will pursue, I have not assessed the merits of the claims raised in any of the potential lawsuits identified above. After Bradley has identified the lawsuit that she wants to litigate and submitted a new amended complaint, I will screen her complaint under 28 U.S.C. §§ 1915 and 1915A. Because Bradley faces filing fees and potential "strikes" under § 1915(g) for each lawsuit she pursues, she should carefully consider the merits and relative importance of each of her potential lawsuits when choosing which of them she wishes to pursue.

If Bradley disagrees with the way I have grouped her lawsuits, she may raise those objections, but she must still comply with this order and submit a new complaint that focuses on only a single set of claims. If she fails to submit a new complaint that complies with this order by the deadline identified below, I will dismiss this lawsuit for failure to state a claim and assess her a strike under § 1915(g).

**B. Other motions**

Bradley has filed four motions for preliminary injunctions and temporary restraining orders. Dkt. 4; Dkt. 9; Dkt. 10; Dkt. 17. I would typically wait to address these motions until after screening the merits of Bradley's complaint. But it is clear from my review of these motions that Bradley has not followed this court's procedures for requesting injunctive relief. Under these procedures, Bradley must file with the court, and serve on defendants, proposed findings of fact supporting her request, along with any evidence that she has that supports her findings of fact and her request for relief. Bradley has not done so, and it is plain that she has not provided any evidence that would justify granting her motions. So I will deny her motions.

I will attach to this order a copy of this court's procedures for briefing motions for injunctive relief. I expect Bradley to comply with these procedures in any future motions for preliminary injunctions or temporary restraining orders, and I will deny any future motions that do not comply with these requirements.

I will also give Bradley a word of caution about motions for preliminary injunctive relief. This court, like all courts, rarely grants such motions. This is because "the granting of a preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 387 (7th Cir. 1984) (quoting *Warner Bros. Pictures, Inc. v. Gittone*, 110 F.2d 292, 293 (3d Cir.1940) (per curiam)). And because Bradley is a prisoner suing prison officials, the Prison Litigation Reform Act requires that any injunctive relief that I grant must be narrowly drawn to correct only the harm at issue and must be no more intrusive than necessary. 18 U.S.C. § 3626(a)(2). Bradley asks for extraordinary relief in her motions. For example, she asks me to order defendants to close and remodel her housing unit and to transfer her to a different facility outside of

8

Department of Corrections custody. Requests for such extraordinary relief would have to be supported by very convincing evidence before I could consider granting them.

Bradley has also filed a motion for an update on her request for preliminary injunctive relief in another case that she has filed in this court, Case No. 20-cv-48. Dkt. 13. I have already ruled on her motion in that case, so I will deny her motion for an update as moot. As I have told Bradley in other cases, any motions that she files in a particular case must be related to that case. And even if her motion for an update had been related to a pending motion in this case, it would have been unnecessary. Such motions do not hurry my consideration of Bradley's case; they serve only to slow the process down by adding work for courthouse staff.

Finally, Bradley has filed a motion for sanctions. Dkt. 14. She asks me to order Novak and CCI's inmate complaint department to pay her $4,000 to deter them from "reckless, negligent behavior in regard to supermax unit DS1." *Id.* In essence, this motion asks me to rule on defendants' liability and award Bradley damages before I have even screened her complaint. I will deny the motion. I will also caution Bradley against filing similarly groundless motions for sanctions in the future, as Federal Rule of Civil Procedure 11 prohibits even pro se litigants from filing frivolous motions such as this.

ORDER

IT IS ORDERED that:

1. Plaintiff Brandon D. Bradley, Sr.'s motion to file a second amended complaint, Dkt. 18, is GRANTED. Bradley's second amended complaint, Dkt. 19, is DISMISSED for failure to comply with Federal Rules of Civil Procedure 8 and 20.

2. Bradley may have until August 18, 2020, to submit an amended complaint that complies with the Federal Rules of Civil Procedure, particularly Rules 8 and 20.

3. Bradley's motion to file an amended complaint, Dkt. 11, and her motion to file a supplemental complaint, Dkt. 15, are DENIED.

4. Bradley's motions for preliminary injunctive relief, Dkt. 4; Dkt. 9; Dkt. 10; Dkt. 17; are DENIED.

5. Bradley's motion for an update, Dkt. 13, is DENIED.

6. Bradley's motion for sanctions, Dkt. 14, is DENIED.

Entered July 28, 2020.

                         BY THE COURT:

                         /s/

                         _____

                         JAMES D. PETERSON
                         District Judge