IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR.,

                Plaintiff,

v.

SUSAN NOVAK, BRIAN GUSTKE, LUCAS WEBER,
LEIGHA WEBER, C. BUCCANAN, DR. KALLAS,
DR. STANGE, DR. PERSIKE, and DR. GAMBARO,

                Defendants.

OPINION and ORDER

20-cv-328-jdp

---

    Pro se plaintiff Brandon D. Bradley, Sr., who is also known as Brittney Bradley, is an inmate at Columbia Correctional Institution (CCI). She says that several CCI officials have violated her rights in many ways during her incarceration there. In my first screening order, I dismissed Bradley's second amended complaint because it failed to comply with the Federal Rules of Civil Procedure. Dkt. 20. Specifically, I noted that her allegations didn't include enough detail to give defendants fair notice of her claims, violating Rule 8, and that her complaint attempted to join unrelated claims against different defendants, violating Rule 20. I explained to Bradley that her complaint described at least 10 distinct potential lawsuits, and I directed her to choose one of those potential lawsuits and file a new complaint containing more detailed factual allegations regarding those claims.

    Two issues are before the court. First, Bradley requests preliminary injunctive relief ordering that she be transferred out of Department of Corrections custody. Dkt. 24. When I denied her request for similar relief in my previous order, I noted that such relief is extraordinary, and I warned her such a request would have to be supported by very convincing evidence before I could even consider granting it. Dkt. 20, at 8. Bradley supports her motion

with a declaration containing only vague and unsubstantiated allegations such as "Persons acting in participation with defendants are harassing, intimidating, entering, altering, fabricated evidence, files, videos, audio," and "Plaintiff has uncovered mail fraud on behalf of the defendants and can prove allegations in a live evidentiary hearing." Dkt. 25, at 2. I will not hold a hearing based only on such vague allegations, so I will deny Bradley's motion.

Second, Bradley has filed a proposed third amended complaint, Dkt. 21, along with what she calls an objection to my screening order. Dkt. 22. In her objection, she says that she believes that all of her claims belong in the same lawsuit because her latest complaint complies with the Federal Rules of Civil Procedure. I will grant Bradley's motion to file a third amended complaint, but I will dismiss the complaint because it still fails to comply with Rule 20.

Bradley's latest complaint repeats most of the allegations from her previous complaint. These allegations fall into several broad categories:

- The conditions in her housing unit are inadequate.
- Staff aren't complying with the Prison Rape Elimination Act and are mistreating her as a transgender prisoner.
- Correctional officers have given her other inmates' medication.
- She's received "seg loaves" with aluminum foil in them.
- She's received inadequate physical and mental health treatment.
- Unit staff read her correspondence, including litigation materials, inmate-to-inmate mail, and health and psychological service request slips.
- Her inmate complaints have been improperly rejected.

As I have explained to Bradley, both in my previous order and in several other lawsuits that she has filed, she cannot join unrelated claims against multiple defendants into a single lawsuit. *See, e.g.*, Dkt. 20, at 5–7. She has again attempted to do so here. For example, she seeks to bring claims against defendants Susan Novak, Brian Gutske, and Lucas Weber regarding her

conditions of confinement. Dkt. 21, at 6. And she seeks to bring claims against defendants Gambaro, Kallas, Stange, Persike, and Buccanan based on her medical care. *Id.* at 8. As before, all that these claims have in common is that they concern events that occurred during Bradley's incarceration at CCI, which isn't enough to satisfy Rule 20's requirements.

In my previous order, I told Bradley that if her next complaint didn't comply with the Federal Rules of Civil Procedure, I would dismiss this lawsuit for failure to state a claim and assess her a "strike" under 28 U.S.C. § 1915(g). Bradley's third amended complaint still doesn't comply with Rule 20, so I will do so.

This lawsuit is the latest instance in which Bradley has violated Rule 20 by attempting to join multiple claims against numerous government officials for seemingly unrelated events. *See Bradley v. Van Norm*, No. 20-cv-49, Dkt. 37 (W.D. Wis. July 15, 2020); *Bradley v. Mahoney*, No. 20-cv-50, Dkt. 36 (W.D. Wis. July 15, 2020); *Bradley v. Kessnich*, No. 20-cv-562, Dkt. 7 (W.D. Wis. Oct. 19, 2020). In each of these cases, I have explained to Bradley that she cannot litigate every single perceived misdeed by numerous officials in one lawsuit. If Bradley files another complaint in this court that violates Rule 20 in this way, I will summarily dismiss that complaint and any future complaints that violate Rule 20.

ORDER

IT IS ORDERED that:

1. Plaintiff Brandon D. Bradley, Sr.'s motion to amend her complaint, Dkt. 21, is GRANTED.

2. This lawsuit is dismissed for Bradley's failure to state a claim upon which relief may be granted. The clerk of court is directed to close this case and assess Bradley a strike under 28 U.S.C. § 1915(g).

Entered December 15, 2020.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge